# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

| | | |
|---|---|---|
| LISA JANUARY, | § | |
| | § | |
| Plaintiff, | § | NO. 1:16-CV-311-RC-ZJH |
| | § | |
| v. | § | |
| | § | |
| TEXAS DEPARTMENT OF CRIMINAL, JUSTICE | § | |
| | § | |
| Defendant. | § | |

## ORDER OVERRULING OBJECTIONS AND PARTIALLY ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The court referred this case to the Honorable Zack Hawthorn, United States Magistrate Judge, for pretrial management pursuant to General Order 05-07. The court has received and considered Judge Hawthorn's report and recommendation (Doc. No. 14), which recommends granting the motion to dismiss (Doc. No. 7) filed by the Texas Department of Criminal Justice ("TDCJ") in part. The TDCJ filed timely objections to the report and recommendation (Doc. No. 16) to which the *pro se* Plaintiff, Lisa January, has filed two separate responses. (Doc. Nos. 19, 20).

A party who files timely, written objections to a magistrate judge's report and recommendation is entitled to a *de novo* determination of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2)-(3). "Parties filing objections must specifically identify those findings [to which they object]. Frivolous, conclusive or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

The court has reviewed the report and recommendation *de novo* and concludes that the objections are without merit. Judge Hawthorn recommended granting TDCJ's motion to dismiss to the extent the Plaintiff raised claims under Title VII. However, Judge Hawthorn also found that the Plaintiff raised cognizable claims under the ADA and possibly a pendent state law claim for retaliation due to filing a worker's compensation claim. The TDCJ did not move to dismiss those claims in its original motion to dismiss. Instead, in its objections, the TDCJ alleges the Plaintiff's complaint fails to support the elements of a cause of action under the ADA and that the court should decline to exercise supplemental jurisdiction over the Plaintiff's pendent state law claim. These arguments need to be presented in a motion to dismiss, allowing the plaintiff an opportunity to respond and amend her complaint, rather than objections to a report and recommendation.

Accordingly, the objections filed by the TDCJ are overruled. The report and recommendation of the magistrate judge is partially correct to the extent it recommends dismissal of any Title VII claims raised by the Plaintiff. But the the court will not dismiss any claims with prejudice at this point until the Plaintiff has had an opportunity to amend her complaint. Plaintiff has until January 26, 2017, to file an amended complaint to state Title VII claims if she actually intends to bring them.

So **ORDERED** and **SIGNED** this **4** day of **January, 2017.**

_____
Ron Clark, United States District Judge